# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHEN JOSEPH GAINES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO. 05-115-MJR |
| | ) |
| SARAH REVELL, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Petitioner, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his 1996 conviction in the United States District Court for the Eastern District of Oklahoma. *See United States v. Waldon*, Case No. 96-cr-25 (E.D. Okla., filed March 20, 1996). According to the petition, he was charged with and pleaded guilty to bank robbery, being a felon in possession of a firearm, and use of a firearm during a crime of violence. As a result, he was sentenced to 63 months on each of the first two counts, and to 120 months on the use-of-firearm charge. It is this 120-month sentence that is the subject of the instant case.[1]

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district

---

[1] Petitioner never appealed his conviction or sentence, nor did he ever file a collateral challenge under 28 U.S.C. § 2255.

court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

Petitioner contends that he is one of those for whom the Section 2255 motion is inadequate or ineffective to test the legality of his detention. However, the fact that Petitioner may be barred from bringing a Section 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion). Instead, a petitioner under Section 2241 must demonstrate the inability of a Section 2255 motion to cure the defect in the conviction.

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The Circuit stated that "[a] procedure for post-conviction relief can fairly be termed

inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as ***having been imprisoned for a nonexistent offense***." *Davenport,* 147 F.3d at 611 (emphasis added). The Circuit later clarified this standard, stating that actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here. Petitioner does not suggest that the charged conduct is no longer a crime. To the contrary, Petitioner merely asserts that "[t]he indictment did not charge the element of the offense which was necessary to impose the excessive 120-month sentence," and that Counsel was ineffective in failing to object to this sentence (Doc. 1, p. 6). In particular, Petitioner states that at sentencing, the judge "made a finding of fact that the firearm charged in count III was a 'semi-automatic assault weapon' under 18 U.S.C. § 924(c)(1) as the statute read in 1996" (Doc. 1, p. 7), although the indictment did not specifically charge that any of the weapons fell into that category.[2]

Essentially, Petitioner argues that this 120-month sentence is invalidated by *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 124 S.Ct. 2531 (2004), and *United States v. Booker*, 125 S.Ct. 738 (U.S. Jan. 12, 2005). However, the Seventh Circuit has held that these

---

[2] Count III of the indictment, attached to the instant petition as Exhibit A, reads:

> On or about the 23rd of February 1996, in the Eastern District of Oklahoma, the defendants DENNIS STEPHEN WALDON and STEPHEN JOSEPH GAINES, knowingly used and carried firearms, a 9mm semi-automatic Danshway pistol serial #11017, a Golden 50 Glenfield Model 30 30.30 rifle, serial #72058603, and a Mac-11 9mm SWD, Inc. Cobray, serial number 87-0003815, during and in relation to a crime of violence, for which they may be prosecuted in a court of the United States, bank robbery, as alleged in Count II above which count is incorporated herein by reference. All in violation of Title 18, United States Code, Sections 924(c)(1) and 2.

decisions do not apply retroactively to convictions that were final prior to those decisions. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) (*Booker* and *Blakely* not retroactively applicable); *Curtis v. United States*, 294 F.3d 841 (7th Cir. 2002) (*Apprendi* is not retroactively applicable).

Therefore, Section 2241 cannot provide Petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED this 14th day of October, 2005.**

                                        **s/ Michael J. Reagan**
                                        **MICHAEL J. REAGAN**
                                        **United States District Judge**